No. 3745.—FURCY DEUCHATELL *v.* CHARLES L. ROBINSON.

In a possessory action to recover possession of real estate, the plaintiff must show that he was in the peaceable possession of the property at the time the suit was brought, and that he has been disturbed in his possession by the illegal acts of the defendant.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. R. A. Hunter*, for plaintiff and appellant. *J. G. White*, for defendant and appellee.

TALIAFERRO, J. This is a possessory action. The plaintiff alleges that he is owner of a tract of land lying in the parish of Rapides, and that the same has been in the peaceable possession of his ancestors and himself together for a period of thirty years, but that recently he has been disturbed in the possession of it by the defendant, who has illegally gone upon the land and detains it from the petitioner. The answer denies both the plaintiff's possession and alleged disturbance. Judgment was rendered in favor of the defendant and the plaintiff has appealed.

We think the plaintiff has failed to make good his allegations of possession which is the gist of the action. A power of attorney from plaintiff to one Bruce is introduced in evidence, the purport of which is, that Bruce is authorized to take charge of the real estate of plaintiff, situated in the parish of Rapides, and to lease the same, collect rents, etc. This act is dated the tenth of December, 1869. It is not shown that the agent ever had the land in question in possession. On the contrary, the defendant proves by a witness who testifies that he has known the place, the possession of which is in controversy since 1860, that neither the plaintiff, his father, nor Bruce, the plaintiff's agent, has ever resided upon or had possession of the land to the witness' knowledge. That for three years immediately preceding the commencement of the defendant's possession, the land was continuously in possession of other parties authorized by Governor Wells to occupy it. The plaintiff's evidence, it is clear, does not enable him to maintain a possessory action.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.